### BRIAN v. MASCARI et al.
### No. 17457.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1940.

Rehearing Denied Dec. 2, 1940.

Writ of Certiorari Denied Jan. 6, 1941.

Thomas E. Furlow, of New Orleans, for appellant.

Borris Burk, of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, Alexis Brian, a member of the New Orleans Bar, brought this suit against the defendants, Mrs. Vincent Mascari, widow of Vincent Mascari, and her son, Angelo Mascari, seeking recovery of the sum of $200 which he alleges the defendants agreed to pay him as a settlement in full for certain professional services rendered by him for and on behalf of the late Vincent Mascari.

From a judgment dismissing his suit on an exception of no cause of action, the plaintiff has prosecuted this appeal.

The defendants' exception, which was maintained by the trial judge, is founded upon the theory that the plaintiff is suing on a verbal compromise settlement which cannot be recognized in view of Article 3071 of the Revised Civil Code which provides that such a contract must be in writing.

In his original petition, plaintiff alleges, in substance, as follows: That he, as a qualified and practicing attorney, was employed some years ago by the late Vincent Mascari to represent the latter professionally in a claim which Mascari had against a Mrs. George T. Fisher; that, in compensation for his services, Mascari agreed to pay him 25% of any amount which might be collected from Mrs. Fisher at the termination of the litigation; that, in pursuance of said employment, he obtained

a judgment on behalf of Mascari and against Mrs. Fisher for the sum of $681.67 with legal interest thereon from June 26, 1934, and all costs, and that the entire amount of this judgment is still unpaid notwithstanding diligent effort to collect it. He further alleges that, during the last illness of the late Vincent Mascari, the defendants, for themselves and on behalf of the said Vincent Mascari, consulted him on several occasions in regard to the legal status of the property owned by Vincent Mascari and also obtained legal advice concerning the proper course for them to pursue in the event of Vincent Mascari's demise; that he gave considerable legal advice to them and that the services so rendered are well worth the sum of $100.

Plaintiff further alleges that, when Vincent Mascari died on April 15, 1937, no immediate steps were taken by the defendants, as widow in community and legal heir of the deceased, to have the succession opened; that, in view of this, he wrote a letter to Mrs. Mascari on June 11, 1938, in which he directed her attention to previous consultations had with him and particularly the legal advice given to her; that he also counselled Mrs. Mascari that certain property which had been transferred by her late husband to his son, the defendant Angelo Mascari, shortly before her husband's death, had been handled in a manner so as to violate the inheritance tax law of this State and that, because of this and other things, it would be advisable for her to consult him.

He avers that, accordingly, on July 12, 1938, the defendant Angelo Mascari came to his office, in response to the communication addressed by him to Mrs. Mascari; that Mascari stated that he had come for the purpose of settling any claim that he, the plaintiff, might have against his mother and himself as widow and sole heir of the late Vincent Mascari; that he, plaintiff, thereupon referred to the services he had performed on behalf of Vincent Mascari in the suit against Mrs. Fisher and the other services rendered to the defendants and stated that he would accept the sum of $300 and that, upon payment thereof by the defendants, he would waive his right to 25% of the amount which might be collected on the judgment owned by the late Vincent Mascari against Mrs. Fisher. Plaintiff then alleges that: "After some discussion, it was agreed, purely as a compromise settlement between petitioner and said defendant, for himself and in behalf of his mother, that defendants would pay to petitioner, within 30 days, two hundred dollars ($200.00), and petitioner would accept said payment as full settlement of all amounts due to him by defendants and the Succession of Vincent Mascari and would waive his right to 25% of the amount that might ultimately be collected on said judgment against Mrs. Fisher."

Plaintiff further avers that, immediately after the verbal contract of compromise and settlement above referred to was made, the defendants caused the Succession of Vincent Mascari to be opened; that, in the succession proceedings, the defendants repudiated the contract of compromise and obtained an ex parte judgment in which the defendant Mrs. Vincent Mascari was recognized as the widow in community of her deceased husband and, as such, decreed to be the owner of an undivided one-half of all the property belonging to the community between them and to the usufruct of the other undivided one-half thereof and defendant Angelo Mascari was recognized and confirmed as the sole heir of his deceased father and entitled, as such, to the ownership of an undivided one-half of the property, subject to the usufruct in favor of his mother and that he, the plaintiff, was recognized as having a 25% interest in the judgment which had been previously obtained by him for and on behalf of the late Vincent Mascari and against the said Mrs. Fisher.

The plaintiff thereupon prayed that the defendants be cited to appear and answer and that there be judgment against them jointly for the full sum of $200 with interest thereon at the rate of 5% per annum from August 11, 1938, until paid, and all costs.

The charges made by plaintiff in his petition cannot be regarded in any light other than as an attempt on his part to obtain legal recognition and enforcement of a verbal contract of compromise. He avers that he was legal counsel for the late Vincent Mascari and the defendants; that he performed services in a lawsuit for which he has a 25% interest in the judgment he obtained; that he rendered other advice for which he is entitled to $100; that after Mr. Mascari's death, he discussed the matter of the value of his services with the son, Angelo Mascari; that he told him that his services (including the services rendered in the case against Mrs. Fisher) were well worth the sum of

$300 but that, if he was able to get a cash payment within 30 days, he would be willing to accept $200 as payment in full. He further states that, although the defendants acceded to this proposition, they later opened the Succession of Vincent Mascari and repudiated their agreement. He now sues for the enforcement of the verbal contract.

Counsel for the plaintiff, in oral argument in this court, frankly tells us that plaintiff probably overstated his position in his original petition but he maintains that the defect has been cured by a supplemental and amended petition which was filed shortly after the defendants had interposed their exception of no cause of action. It appears that, after the defendants had excepted, but before their exception could be tried, the plaintiff, by ex parte order, filed an amended petition in which he attempted to explain and retract some of the allegations made by him in his original pleading. He sought specifically to amend the averments contained in Article 8 of his original petition, particularly the sentence which we have quoted above in which he uses the word "compromise" by deleting therefrom the phrase "purely as a compromise settlement."

When this supplemental petition was filed, counsel for the defendants promptly interposed another exception of no cause of action to the amended pleading. This exception was sustained by the trial judge.

It is now argued by counsel for plaintiff that the petition as amended states a cause of action against the defendants not for the enforcement of a verbal compromise agreement but for the collection of a claim for professional services rendered.

■ We cannot see that the elimination of the words "purely as a compromise settlement" has altered or changed the nature and substance of plaintiff's demand. He is still suing to enforce a contract made with the defendants by which he has agreed to take less than the amount he fixed as the value of the services he rendered to Vincent Mascari and the defendants, provided that payment of the lesser sum would be made within 30 days. In Article 8 of his petition, he places the value of all the services he rendered to the Mascari family, including his contingent interest in the judgment against Mrs. Fisher, at $300. In the next sentence, he says that he agreed to accept $200 as payment in full for those services if the defendants would liquidate the obligation in 30 days. This is clearly a compromise agreement.

■ Counsel for plaintiff, in persisting to the contrary, says that it is impossible to regard the agreement as a compromise because there was no dispute existing between the parties as to the value of plaintiff's services and that the contract was not made for the purpose of preventing or putting an end to a lawsuit as contemplated by Article 3071 of the Revised Civil Code. We are unable to follow this line of reasoning. According to plaintiff's allegations, he fixed the value of his services at $300. The defendants were evidently unwilling to pay that amount because plaintiff avers that, "after some discussion", he proposed that, if they would give him $200 in 30 days, he would accept it in full settlement of his claim. There was plainly, therefore, an existing dispute within the meaning of the provisions of the Civil Code which was adjusted by a contract wherein the plaintiff, by taking less than he was claiming, balanced the hope of gain through legal process by the danger of loss.

■ We also experience no difficulty in resolving that the agreement was made for the purpose of preventing litigation. Plaintiff undoubtedly had a legal claim against the defendants individually and as the surviving heir and widow of Vincent Mascari. He had written Mrs. Mascari a letter and, in response thereto, Angelo Mascari called upon him for the purpose of ascertaining the amount of his claim for the services he had rendered. The fact that plaintiff had not threatened to sue the defendants is of no consequence forasmuch as he was possessed with the right to do so and it was this right which formed the consideration for the settlement he now seeks to enforce.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.